OPINION
Appellant Karen Gleckler ("appellant") appeals the Union County Court of Common Pleas', Domestic Relations Division, Judgment Entry/Decree of Divorce.
The record reveals that appellant and Mark Gleckler ("appellee") were married on May 4, 1985. The parties had two children during their marriage. On November 30, 1998, appellant filed a complaint for divorce. Appellee filed his answer, admitting incompatibility, on December 14, 1998.
This matter proceeded to final hearing on February 3, 1999. Both parties were present and represented by counsel. The trial court took no evidence in this matter. Rather, the court proceeded based entirely on the representations of counsel.
A final Decree of Divorce was prepared and filed March 22, 1999. It is from this order that appellant now appeals, setting forth thirteen assignments of error.
Assignment of Error Number 1
 The trial court erred in the distribution of personal property without evidence or a determination as to the value and whether the property was marital or non-marital, or considering the factors enumerated in R.C. 3105.171(F).
 Assignment of Error Number 2
 The trial court erred in the distribution of real property without evidence or a determination as to the value and whether the property was marital or non-marital, or considering the factors enumerated in R.C. 3105.171(F).
 Assignment of Error Number 3
 The trial court erred in filing an incomplete and inaccurate entry.
Assignment of Error Number 4
 The trial court erred in adopting Mr. Gleckler's proposed shared parenting plan, which was inaccurate, incomplete, and contradictory.
Assignment of Error Number 5
 The trial court erred in ordering child support not prepared by the court, or signed by the parties, and in the absence of any evidence to support it.
Assignment of Error Number 6
 The trial court erred in failing to provide that Mr. Gleckler could claim the minor child, Meagan, as a tax exemption, without requiring, as provided by statute, that he could take the exemption only if he was current in child support for the year in which the child would be claimed.
Assignment of Error Number 7
 The trial court erred in filing an entry requiring the parties to sell the time-share at an unspecified date and time under unspecified conditions.
Assignment of Error Number 8
 The trial court erred in granting Mr. Gleckler a prospective modification of support, without notice or hearing, based on counsel's unsworn statements.
Assignment of Error Number 9
 The trial court erred in deviating from the child support worksheet allowing an "abatement" for summer visitation.
Assignment of Error Number 10
 The trial court erred in failing to hear evidence or distribute the parties' 1998 tax liability.
Assignment of Error Number 11
 The trial court erred in adopting Mr. Gleckler's proposed shared parenting plan in the absence of evidence or findings as to the children's best interests.
Assignment of Error Number 12
 The trial court erred in ordering Mrs. Gleckler to pay Mr. Gleckler directly $200 per month effective February 3, 1998 for the bankruptcy.
Assignment of Error Number 13
 The trial court erred in the distribution of the pension plans without determination as to marital value, present value, and tax consequences.
 After review of the record, we find many shortcomings in the proceedings conducted at the trial court level. The fact that no evidence whatsoever was taken in this matter concerns this Court, as well as the inconsistencies between what was actually decided at the hearing and what ultimately ended up in the final divorce decree. The order of the trial court contains several typographical errors and is deficient and ambiguous in ways too numerous to address individually. We do note that the parties stipulated to the grounds for divorce and to the court's jurisdiction.
For these reasons, we affirm the trial court's order granting the parties a divorce and reverse and remand the remaining parts of the trial court's order for the purposes set forth in the above assignments of error.
Accordingly, the foregoing assignments of error are sustained.
Judgment affirmed in part and reversed in part.
 BRYANT, P.J., and SHAW, J. concur.